UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| HAYLEY SHELTON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | **JURY TRIAL REQUESTED** |
| ACCEPTANCE INSURANCE ) | |
| AGENCY OF TENNESSEE, INC. ) | |
| d/b/a ACCEPTANCE INSURANCE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Hayley Shelton files the following Complaint against Defendant Acceptance Insurance Agency of Tennessee, Inc. d/b/a Acceptance Insurance ("AI") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

### Jurisdiction and Venue

3. Ms. Shelton's claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

4. This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all of the parties reside within the Middle District of Tennessee, and all or a substantial majority of the

events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

5. Ms. Shelton is a citizen of the United States and a resident of the State of Tennessee and submits herself to the Court's jurisdiction.

6. Acceptance Insurance Agency of Tennessee, Inc. d/b/a Acceptance Insurance is a corporation doing business in the State of Tennessee and is, therefore, subject to this Court's jurisdiction.

7. Defendant Acceptance Insurance Agency of Tennessee, Inc. d/b/a Acceptance Insurance may be served with process through its registered agent for service of process, Mark Reineke, 3813 Green Hills Village Drive, Nashville, Tennessee, 37215-2610.

8. Pursuant to TCA § 56-2-103, Defendant Acceptance Insurance Agency of Tennessee, Inc. d/b/a Acceptance Insurance will also be served through the Tennessee Department of Commerce & Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

## Exhaustion of Administrative Remedies

9. Ms. Shelton filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") encompassing her claim of gender discrimination that is the subject of this complaint.

10. Ms. Shelton received a Notice of Right to Sue within the last ninety days and has complied with all other conditions precedent to this complaint.

## Statement of Facts

11. Ms. Shelton began her employment with Acceptance Insurance Agency of Tennessee, Inc. d/b/a Acceptance Insurance on June 28, 2012 as Senior Manager of Human Resources ("HR") and Training.

12. At the time of Ms. Shelton's hire, Kevin Pataluna told her that she would be able to move into the HR Director role within one year. Mr. Pataluna continued to tell her that the position was available for her up until the time she left for maternity leave in January of 2013.

13. On or about January 20, 2013, Ms. Shelton began maternity leave.

14. While Ms. Shelton was on maternity leave, AI began to advertise for an HR Director position without informing Ms. Shelton.

15. When Ms. Shelton returned from her maternity leave, her job responsibilities had been changed.

16. On May 22, 2013, Ms. Shelton was informed that Jim Britz, an outside applicant, would be hired into the Director of HR slot but was upgraded to VP of HR.

17. This was the position that Ms. Shelton was promised when she was

hired by AI.

18. On or about June 11, 2013, Ms. Shelton's job description continued to change.

19. On or about June 26, 2013, Clay Stallings was placed in the newly created position of VP of Training & Development.

20. Ms. Shelton was qualified for the position; however, that position was not advertised, so Ms. Shelton was not allowed the opportunity to apply.

21. On July 1, 2013, Ms. Shelton was demoted to the position of Senior Manager of HR.

22. At that time, Ms. Shelton was informed that the majority of her job responsibilities had not been changed, though her status had.

23. As a result of these actions, Ms. Shelton filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 9, 2013.

24. On Thursday, October 3, 2013 after Ms. Shelton filed her Charge of Discrimination, she received a "final written warning" alleging that she committed insubordination. The charge of insubordination was false and was retaliation in violation of Title VII.

25. Around the same time, Ms. Shelton requested to donate 12 hours of

her paid time off to Christina Jones, a receptionist who also is Ms. Shelton's sister-in-law.

26. Ms. Shelton and Ms. Jones had no reporting relationship within AI.

27. The request for approval of the donation of PTO was not inconsistent with any existing policy. Nor was the request to donate PTO an offense subject to termination; nor had other employees been fired for requesting to donate PTO.

28. Vice President of HR Britz approved Plaintiff's donation of the PTO, stating at the time that he did not see that it violated policy.

29. On Friday, October 4 through Monday, October 7, Ms. Shelton was out of work on an originally scheduled vacation weekend.

30. During this time, Mr. Britz purported to investigate Ms. Shelton's donation of paid time off ("PTO").

31. On Tuesday, October 8, Ms. Shelton replied to the "final written warning" document, with a written statement refuting the claims made against her and complaining that she was being retaliated against for filing her original EEOC Charge of Discrimination.

32. During the same time frame, Ms. Shelton had been informed that Mr. Britz was investigating her PTO donation.

33. After learning that Mr. Britz was investigating her, Ms. Shelton

approached Mr. Britz about this in his office, and then recapped their conversation in an email, which Mr. Britz forwarded to Mark Reineke, General Counsel of AI.

34. In her email, Ms. Shelton told Mr. Britz that if a donation was incorrect or inconsistent with any existing policy, she was not aware.

35. Ms. Shelton also offered to help him investigate the matter, but Mr. Britz did not allow her to assist him.

36. On Wednesday, October 9, Ms. Shelton found her final written warning on the HR scan drive, which was viewable by her entire staff, the Compliance Department, the Director of Payroll, and her Payroll Coordinator.

37. Ms. Shelton also learned that Mr. Britz was still investigating the alleged PTO issue.

38. Ms. Shelton wrote another email to Mr. Britz and Mr. Reineke acknowledging this, and asking how she could assist in resolving it.

39. At 12:00, Ms. Shelton left work to work from home for a few hours to nurse a sore neck from a car accident that occurred the day before.

40. Ms. Shelton received a call at 2:30 from Jim Britz, asking her to return to the office.

41. At 3:30, Ms. Shelton appeared for the meeting in Mr. Britz's office, which was also attended by Mark Reineke.

42. Mr. Britz and Mr. Reineke told Ms. Shelton that they had two issues to discuss with her: (1) the donation of her PTO to Christina Jones, and (2) the misclassification of an HR employee, Elizabeth Vassey.

43. At that meeting, Ms. Shelton refuted both issues, offering examples, explanations, and even written emails, but she was told that her explanations were "not satisfactory."

44. For instance, Ms. Shelton reminded Mr. Britz that she herself had brought up Ms. Vassey's misclassification and the need to change it, to him on numerous occasions, and that Britz in fact had failed to correct the misclassification.

45. Ms. Shelton explained that the donation of PTO was not in violation of established policy.

46. Even though Ms. Shelton had successfully refuted the reasons Britz gave for her termination, Britz nonetheless handed Ms. Shelton a separation notice, and terminated her.

47. Britz planned to fire Ms. Shelton regardless of her explanation at the meeting, as the separation notice had been created prior to the termination conversation.

7

## COUNT I
## Gender Discrimination in Violation of Title VII

48. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

49. Defendant demoted Ms. Shelton because of her pregnancy.

50. Defendant discriminated against Ms. Shelton because of her gender by failing to promote her and by terminating her employment because she is a female.

51. Defendant's discriminatory actions violate Title VII.

52. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities compensable under Title VII, for which Defendant is liable.

53. Defendant acted maliciously, willfully, wantonly, oppressively, or recklessly, toward Plaintiff, authorizing a punitive damages award against Defendant.

## COUNT II
## RETALIATION – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

54. Plaintiff incorporates by reference each and every preceding paragraph as if set forth fully herein.

55. Defendant retaliated against Plaintiff by failing to promote her and by terminating her.

56. Defendant's actions in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, discrimination violates Title VII.

57. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

58. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

59. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT III
## FLSA Retaliation

60. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

61. Defendant violated the FLSA, 29 U.S.C. Section 215(a)(3), by terminating Plaintiff's employment because she opposed an employee's

misclassification and indicated that she planned to rectify Defendant's alleged violations of FLSA provisions.

62. Plaintiff's opposition and complaints occurred within the statutory period prescribed by 29 U.S.C. Section 255(a)

63. Section 216(b) of the FLSA makes any employer who violates section 215(a)(3) liable for such legal and equitable relief as is appropriate to effectuate the purposes of that section, including without limitation, employment, reinstatement, promotion, the payment of lost wages as well as an additional equal amount as liquidated damages, costs, and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a. a declaratory judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the FLSA;

b. a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII and the FLSA;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful

termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

    d.    reinstatement of Plaintiff to her former position with Defendant at the same pay rate, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

    e.    compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

    f.    liquidated damages for Defendant's willful violations of the FLSA;

    g.    punitive damages against Defendant;

    h.    attorneys' fees and costs; and

    i.    all other and further monetary and equitable relief as this Court deems just and proper.

Respectfully submitted this 17th day of November, 2014.

By: /s/ Karla Campbell
Karla Campbell (BPR #27132)
Branstetter, Stranch & Jennings PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201
Telephone: 615-254-8801
Facsimile: 615-255-5419
karlac@bsjfirm.com

Edward D. Buckley*
Georgia Bar No. 092750
edbuckley@buckleylawatl.com
The Buckley Law Firm, LLC
Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-781-1100
Facsimile: 404-781-1101

Attorneys for Plaintiff
*pending pro hac vice admission